UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RYAN RANDOLPH,

                        Plaintiff,

  v.                                                            9:19-CV-1547
                                                                     (BKS/CFH)

NEW YORK STATE CORRECTIONAL
FACILITY and JOHN DOE,

                        Defendants.
_____

APPEARANCES:

RYAN RANDOLPH
10-A-0814
Plaintiff, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

BRENDA K. SANNES
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

The Clerk has sent to the Court for review a pro se civil rights Complaint filed by plaintiff Ryan Randolph ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Plaintiff, who is currently incarcerated at Mid-State Correctional Facility ("Mid-State C.F."), has not paid the filing fee required for this action and seeks to proceed in forma pauperis. Dkt. No. 2 ("IFP Application").

For the reasons set forth below, Plaintiff's IFP Application is denied and this action is

1

sua sponte dismissed pursuant to 28 U.S.C. § 1915(g) ("Section 1915(g)"), unless, within thirty (30) days of the date of this Decision and Order, Plaintiff pays the statutory filing fee of four hundred dollars ($400) in full.

## II. DISCUSSION

Where a plaintiff seeks leave to proceed in forma pauperis, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the Court's filing fee of four hundred dollars ($400).[1] The Court must also determine whether the "three strikes" provision of Section 1915(g) bars the plaintiff from proceeding in forma pauperis and without prepayment of the filing fee.[2] More specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If the plaintiff is indigent and not barred by Section 1915(g), the Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28

---

[1] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee . . . at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

[2] The manifest intent of Congress in enacting this "three strikes" provision was to curb prison inmate abuses and to deter the filing of multiple, frivolous civil rights suits by prison inmates. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007). The question of whether a prior dismissal is a "strike" is a matter of statutory interpretation and, as such, is a question for the court to determine as a matter of law. *Id.* at 442-43.

U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).

In this case, Plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District of New York. *See* Dkt. Nos. 2, 3. Therefore, the Court must now determine whether the "three strikes" provision bars Plaintiff from proceeding in forma pauperis.

### A. Determination of Strikes

Having reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, the Court has determined that Plaintiff is a frequent litigator in the federal courts and is well aware of the "three strikes" rule.[3] The three strikes rule set forth in Section 1915(g) has been enforced against Plaintiff in the Southern District of New York beginning in July 2012 and in this District beginning in 2014. *See Randolph v. Clinton Cnty. Facility*, No. 1:12-CV-1851, Order to Show Cause (S.D.N.Y. Apr. 23, 2012), Bar Order (S.D.N.Y. July 11, 2012)[4]; *Randolph v. Clinton Corr. Facility,* No. 9:14-CV-0121 (DNH/RFT), Decision & Order (N.D.N.Y. filed Aug. 13, 2014); *Randolph v. N.Y. State Corr., et al.,* No. 9:15-CV-1413 (LEK/TWD), Decision and Order (N.D.N.Y. filed Dec. 29, 2015); *Randolph v. New York State Corrs.*, No. 9:18-CV-0934 (TJM/CFH), Decision and Order (N.D.N.Y. filed Oct. 1, 2018); and *Randolph v. New York State Dep't of Corr.*, No. 9:19-

---

[3] *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl > (last visited Dec. 31, 2019).

[4] The actions or appeals found to constitute "strikes" by the Southern District court were: *Randolph v. Chin*, No. 11-2489, Order (2d Cir. Sept. 29, 2011) (dismissing appeal because it lacks an arguable basis in law or fact), Mandate issued Nov. 3, 2011; *Randolph v. Chin*, No. 1:11-CV-3274, Order of Dismissal (S.D.N.Y. May 31, 2011) (dismissing action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (ii) for failure to state a claim on which relief may be granted), Amended Judgment (S.D.N.Y. Sept. 21, 2011); and *Randolph v. The Courtroom Interpreter*, No. 1:11-CV-4402, Order of Dismissal (S.D.N.Y. Aug. 5, 2011) (action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted).

3

CV-180 (DNH/CFH), Decision and Order (N.D.N.Y. filed March 13, 2019).

The Second Circuit has held that a district court may rely on the relevant docket sheets to determine whether the three strikes limitation on in forma pauperis proceedings applies if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir. 2010); *see also Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010) (A plaintiff incurs a second strike when, after filing a complaint that is dismissed on one of the grounds listed in 28 U.S.C. § 1915(g), he appeals that dismissal, only to have the appeal also dismissed on one of the listed grounds.).

After reviewing these decisions, as well as the docket sheets for the actions found to constitute strikes, this Court likewise finds that Plaintiff acquired three strikes prior to commencing this action.

Thus, unless it appears that the "imminent danger" exception to the "three-strikes" rule is applicable to this action, Plaintiff may not proceed in forma pauperis.

### B. Applicability of the "Imminent Danger" Exception

Congress enacted the "imminent danger" exception contained in the final phrase of Section 1915(g) as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding in forma pauperis. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). Generally speaking, the allegations relevant to the "imminent danger" inquiry "are those in which [plaintiff] describes physical injury, threats of violence, and deprivation of

medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010).[5] "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged).[6] "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170.

A court performing a "three strikes" analysis must determine the date on which the plaintiff "brought" the action for purposes of 28 U.S.C. § 1915(g). Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). In this case, the Complaint was filed with the Court on December 16, 2019. The Complaint however, is unsigned and contains conflicting facts related to the

---

[5] In *Chavis*, the Second Circuit described the nature of the Court's inquiry regarding imminent danger as follows: "although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on." *Id*. at 169-70 (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted).

[6] In addition, "§ 1915(g) allows a three-strikes litigant to proceed [in forma pauperis] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99.

5

date of the incident(s) that form the basis for the action.[7] *See* Compl. at 4-5. In the Statement of Facts, Plaintiff asserts that on December 2, 2019, he asked defendant C.O. John Doe for a shaving razor and the officer refused his request. *Id*. at 4. Plaintiff "mumbled to another inmate this C.O. is not doing his job" and "somehow [John Doe] overheard [him] and came rushing out of his office with fist flying at [him], choked [him] and threw [him] up against the wall face first[.]" *Id*. Plaintiff suffered a chipped tooth and bloody gums. *Id.* at 5. In the Statement of Claims, Plaintiff alleges that the assault occurred on "1-2-19". *Id*. Plaintiff does not allege in the Complaint that he feared "physical injury" from anyone when he signed his Complaint.

Construing the Complaint with the leniency that must be afforded to a pro se litigant, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), Plaintiff has failed to plead facts suggesting that "imminent danger" was present when he filed his Complaint – sufficient to place him within the exception provided by Section 1915(g). *See Flemming v. Kemp*, No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010) (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.") ). In light of Plaintiff's pro se status, the Court will nonetheless give him an opportunity to present an amended complaint. *See Chavis*, 618 F.3d at 170 (finding that the district court "abused its discretion" in denying plaintiff leave to amend his complaint to allege imminent danger); *see also Carolina v. Rubino*, 644 Fed. App'x. 68, 73 (2d Cir. 2016) (summary order) (district court did not abuse its discretion in dismissing complaint under Section 1915(g)

---

[7] Plaintiff's contemporaneous filings do not provide any clarity. The IFP Application is dated January 3, 2019 and was certified on February 5, 2019. *See* Dkt. No. 2.

because amendment of plaintiff's claims of "past harms" would have been futile).

Plaintiff is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct which violated his constitutional rights, and must also contain factual allegations sufficient to plausibly suggest that he faced an "imminent danger of serious physical injury" from one or more of the named defendants when he filed this action. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original Complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief in this action.

If Plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, either (i) pay the statutory filing fee of four hundred dollars ($400.00) in full,[8] or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" when he filed this action.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is held in abeyance; and it is further

**ORDERED** that within **thirty (30)** days of the date of this Decision and Order, Plaintiff shall either (i) pay the Court's filing fee of four hundred dollars ($400.00) in full, or (ii) file an amended complaint demonstrating that he faced an "imminent danger of serious physical

---

[8] The $400.00 filing fee consists of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00.

7

injury" from the named defendant(s) when he commenced this action; and it is further

**ORDERED** that upon Plaintiff's compliance with this Decision and Order or the expiration of the time set forth herein, the Clerk of the Court shall return the file to this Court for review; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff.

Dated: January 13, 2020

_____
Brenda K. Sannes
U.S. District Judge